[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10303
Non-Argument Calendar
_____

D. C. Docket No. 06-00799-CV-WS-B

JEROME WILLIAMS,
CLAUDE WILLIAMS, SR.,
LINDA WILLIAMS,

Plaintiffs-Appellants,

versus

COUNTRYWIDE HOME LOANS, INC., et al.,

Defendants,

TICOR TITLE INSURANCE COMPANY,
SAXON HOME MORTGAGE,
HOMEOWNERS LOAN CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
as trustee and custodian of the Ixis Real
Estate Capital Trust 2005-HE3 Mortgage Pass
Through Certificates, Series 2005-HE3,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Alabama

———————————————

**(July 3, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jerome Williams, Linda Williams and Claude Williams, Sr., appeal from the district court's order granting Ticor Title Insurance Company of Florida's motion to dismiss based on the Appellants' failure to state a claim under § 8 of the Real Estate Settlement Procedure Act (RESPA), codified at 12 U.S.C. § 2607.[1] The Appellants were charged a $200 fee for a title insurance policy issued by Ticor. Appellants allege that because the title insurance premium was only $102.50 under Alabama law, the remaining $97.50 "surcharge" constituted a fee for something "other than services actually performed" within the meaning of § 8(b) of RESPA. See 12 U.S.C. § 2607(b).

Appellants' claims that the $200 title insurance premium exceeded the

---

[1] We review de novo a "district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Castro v. Sec'y of Homeland Security, 472 F.3d 1334, 1336 (11th Cir. 2006).

maximum amount authorized by Alabama law are not actionable under RESPA. We have recently joined the Second, Third, Fourth, Seventh and Eight Circuits in holding that § 8(b) of RESPA "does not govern excessive fees because it is not a price control provision." Friedman v. Market Street Mortgage Corp. (Friedman II), 520 F.3d 1289, 1296 (11th Cir. 2008). We have rejected the notion that courts should break single fees into various "components" for evaluation, as Moody would have us do here with the allegedly "earned" versus "unearned" portions of the fee. Id. at 1297. Moreover, we have held that "subsection 8(b) requires a plaintiff to allege that no services were rendered in exchange for a settlement fee." Id. at 1298 (emphasis added). Appellants merely claim that they were charged an inflated fee for a service that was indisputably provided by Ticor: the issuance of the title insurance policy.[2] Appellants' claims are barred by our prior precedent, and the district court rightly found that such claims are beyond the purview of RESPA.

**AFFIRMED.**

---

[2] Appellants allege that Tricor split the fee with Swafford Settlement Services but not with the lender. Appellents concede, however, that Swafford did perform a service by acting at Tricor's agent and selling the policy on Tricor's behalf.