[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10036
Non-Argument Calendar

_____

D. C. Docket No. 06-00578-CV-WS-B

JOE MORRISETTE,
ANNETTE MORRISETTE,

Plaintiffs-Appellants,

versus

NOVASTAR HOME MORTGAGE, INC.,
et al.,

Defendants,

TRANSNATION TITLE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(July 3, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joe and Annette Morrisette, appeal from the district court's order granting Transnation Title Insurance Company's motion to dismiss based on the Appellants' failure to state a claim under § 8 of the Real Estate Settlement Procedure Act (RESPA), codified at 12 U.S.C. § 2607.[1] The Appellants were charged a $221 fee for a title insurance policy issued by Transnation. Appellants allege that because the title insurance premium was only $161 under Alabama law, the remaining $50 "surcharge" constituted a fee for something "other than services actually performed" within the meaning of § 8(b) of RESPA. See 12 U.S.C. § 2607(b).

Appellants' claims that the $221 title insurance premium exceeded the maximum amount authorized by Alabama law are not actionable under RESPA. We have recently joined the Second, Third, Fourth, Seventh and Eight Circuits in holding that § 8(b) of RESPA "does not govern excessive fees because it is not a price control provision." Friedman v. Market Street Mortgage Corp. (Friedman II),

---

[1] We review de novo a "district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Castro v. Sec'y of Homeland Security, 472 F.3d 1334, 1336 (11th Cir. 2006).

520 F.3d 1289, 1296 (11th Cir. 2008).  We have rejected the notion that courts should break single fees into various "components" for evaluation, as Appellants would have us do here with the allegedly "earned" versus "unearned" portions of the fee.  Id. at 1297.  Moreover, we have held that "subsection 8(b) requires a plaintiff to allege that no services were rendered in exchange for a settlement fee."  Id. at 1298 (emphasis added).  Appellants merely claim that they were charged an inflated fee for a service that was indisputably provided by Transnation: the issuance of the title insurance policy.[2]  Appellants' claims are barred by our prior precedent, and the district court rightly found that such claims are beyond the purview of RESPA.[3]

**AFFIRMED.**

---

[2] Appellants allege that Transnation split the fee with Swafford Settlement Services but not with the lender.  Appellents concede, however, that Swafford did perform a service by acting at Transation's agent and selling the policy on Transnation's behalf.

[3] Appellants' argument that the Department of Housing and Urban Development's 2001 Statement of Policy is entitled to full Chevron deference is also barred by Friedman II.  Id. at 1297 (declining to give Chevron deference to the SOP given the plain language of § 8(b)).

3