[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10733
Non-Argument Calendar

_____

D. C. Docket No. 08-00330-CV-F-N

THOMAS S. BURRELL,

Plaintiff-Appellant,

versus

TEACHER'S RETIREMENT SYSTEM OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 16, 2009)

Before DUBINA, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Appellant Thomas S. Burrell, proceeding *pro se*, appeals the district court's dismissal of his civil action for violations of his Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983, disability benefits under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a), and state law claims for fraud and interference with contractual rights. On appeal, Burrell argues that the Teacher's Retirement System of Alabama (TRSA) violated ERISA and other federal laws by modifying his wife's retirement benefits after her death. He also asserts that the district court violated his due-process rights by dismissing his complaint.

We review *de novo* a "district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006) (internal quotation marks omitted). We review "*de novo* a district court's ruling regarding Eleventh Amendment immunity." *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll.*, 421 F.3d 1190, 1192 (11th Cir. 2005) (internal quotation marks omitted).

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th

2

Cir. 2003). "Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." *Id.* at 1308 n.8 (quoting *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990)). "It is also well-settled that Eleventh Amendment immunity bars suits brought in federal court when . . . an 'arm of the State' is sued." *Manders* at 1308. "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Id.*

Although Burrell asserts that the district court denied his due-process rights by dismissing his complaint, he does not argue that it erred by finding that his federal claims were barred by the Eleventh Amendment. (*See generally* Pl.'s Br). Moreover, he does not argue that the district court erred by dismissing his supplemental state law claims, failing to convert the motion to dismiss to a motion for summary judgment after he submitted additional documents with his amended complaint, or failing to rule on his motion to amend. (*See generally id.*). Thus, these issues should be deemed abandoned on appeal. *See Horsley v. Feldt*, 304

3

F.3d 1125, 1131 n.1 (11th Cir. 2002) (noting that issues not briefed on appeal by *pro se* litigants are deemed abandoned on appeal).

Regardless, the district court did not err in dismissing his federal claims based on Eleventh Amendment immunity because TRSA is an instrumentality of the state as provided by Ala. Code § 16-25-2(b).  *See Manders*, 338 F.3d at 1308-09; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2310, 105 L. Ed. 2d 45 (1989) (noting that Congress did not abrogate Eleventh Amendment immunity with the passage of § 1983).  Although Burrell's complaint requested "equitable relief," he did not request any prospective equitable relief to end continuing violations of federal law.  *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (recognizing an exception to Eleventh Amendment immunity "for suits against state officers seeking *prospective* equitable relief and to end *continuing* violations of federal law").  Burrell's due-process argument also fails because he did not raise the issue below.  *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) ("Arguments raised for the first time on appeal are not properly before this Court.").  Accordingly, we affirm the district court's judgment of dismissal.

AFFIRMED.