[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13613
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-02720-CLS

THOMAS W. WHITE,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
Transportation Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 24, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Thomas W. White, proceeding *pro se*, appeals the district court's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. White's complaint alleged disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. Specifically, White claimed that he was unlawfully terminated from his probationary position as an airport security screener based on an unidentified physical disability.

We review de novo a Rule 12(b)(6) dismissal for failure to state a claim. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Ordinarily, the Rehabilitation Act prohibits federal agencies from discriminating against disabled persons. *See* 29 U.S.C. § 794(a). This prohibition includes discrimination in the form of failure to provide reasonable accommodations and disparate treatment. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008).

The Aviation and Transportation Security Act ("ATSA"), however, exempts the Transportation Security Administration ("TSA") from certain requirements of the Rehabilitation Act with regard to the employment of security screeners. *Castro v. Sec'y, Dep't of Homeland Sec.*, 472 F.3d 1334, 1335 (11th Cir. 2006). Under this law, the TSA may impose certain minimum physical qualifications for

2

security screeners, "[n]otwithstanding any provision of law." *See* 49 U.S.C. § 44935(f). For example, security screeners must "possess basic aptitudes and physical abilities, including color perception, visual and aural acuity, physical coordination, and motor skills," even though these standards would ordinarily run afoul of the Rehabilitation Act's prohibition against making employment decisions on the basis of a physical disability. *Id.* § 44935(f)(1)(B); *Castro*, 472 F.3d at 1337-38. Based on this inherent incompatibility, we have held that the plain language of the ATSA "exempts TSA from compliance with the Rehabilitation Act in establishing employment standards for security screeners." *Castro*, 427 F.3d at 1337.

Here, the district court did not err in dismissing White's complaint for failure to state a cognizable claim of disability discrimination under the Rehabilitation Act. Any such claim was preempted by the ATSA and fails as a matter of law. *See Castro*, 472 F.3d at 1337; 49 U.S.C. § 44935(f). Accordingly, we affirm the judgment of the district court.[1]

**AFFIRMED.**

---

[1] White also argues that he was treated less favorably than similarly situated security screeners. As noted by the district court, this allegation is simply a restyled disability discrimination claim. Regardless, because this claim did not appear in White's complaint, it will not be considered on appeal. *See Speaker,* 623 F.3d at 1379.