[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11583
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22679-JG

NICOLE GITZEN GULBALIS,

Plaintiff-Appellant,

versus

U.S. CITIZENSHIP AND IMMIGRATION SERVICES KENDALL FIELD
OFFICE,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES MIAMI DISTRICT
OFFICE,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 9, 2016)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicole Gulbalis appeals the magistrate judge's dismissal of her petition, brought pursuant to Immigration and Nationality Act ("INA") § 310(c), 8 U.S.C. § 1421(c), challenging the denial of her naturalization application by the United States Citizenship and Immigration Services ("USCIS"), for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Specifically, the magistrate judge concluded that Gulbalis was ineligible for naturalization because she could not demonstrate good moral character because her conviction for conspiring to defraud the United States and its agencies--by importing vehicles which did not comply with the regulatory standards of the United States and selling them for profit--qualified as an aggravated felony as defined in as defined in INA §§ 101(a)(43)(M)(i), (U), 8 U.S.C. §§ 1101(a)(43)(M)(i), (U) (an offense involving fraud or deceit in which the loss exceeded $10,000).

Gulbalis argues that she was eligible for naturalization because her conviction did not qualify as an aggravated felony under the statute because it did not involve a loss of over $10,000.  She acknowledges that she stipulated in her plea agreement that the actual, probable or intended loss was $41,000 to $70,000, but argues that the stipulation should not have been considered in determining

2

whether the loss exceeded the threshold because it was based on uncharged conduct and was not reflective of actual loss to the victim.  Similarly, she argues that the restitution order, which required her to pay $675,000 in restitution, should not have been considered because it did not reflect any actual loss to the victim and was not tied to her count of conviction because she was not convicted of defrauding any of the individuals listed in the restitution order.[1]

We review the dismissal of a complaint under Rule 12(b)(6) *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006).  While a well-pleaded complaint does not require "detailed factual allegations," a pleading that offers nothing more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation omitted).  The pleading must contain sufficient facts to render

---

[1]    She also argues for the first time on appeal that the restitution order included uncharged conduct because it referenced 45 vehicles, while her indictment only referenced 5 vehicles, and that the loss amount should be based on the taxes owed on the vehicles to Customs.  We will not address these arguments, because arguments raised for the first time on appeal are not properly before this Court. *Lin v. U.S. Atty. Gen.*, 555 F.3d 1310, 1316 n.5 (11th 2009).  Similarly, we conclude that, by failing to brief the issue or cite any supporting authority, she waived her argument that the USCIS should be precluded from asserting that she was convicted of an aggravated felony because she was not charged with an aggravated felony in her prior removal proceedings. *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

the claim "plausible on its face." *Id.* (quotation omitted). Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As such, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Under the INA, a person may seek *de novo* review by a district court of a denial of a naturalization application. INA § 310(c), 8 U.S.C. § 1421(c). The applicant bears the burden of establishing his or her eligibility for citizenship by a preponderance of the evidence, and any "doubts [are] resolved in favor of the United States and against the claimant." *Berenyi v. Dist. Dir., Immigration & Naturalization Serv.*, 385 U.S. 630, 637, 87 S. Ct. 666, 671, 17 L. Ed. 2d 656 (1967); *see also* 8 C.F.R. § 316.2(b). An alien can become a United States citizen "only upon the terms and conditions specified by Congress." *I.N.S. v. Pangilinan*, 486 U.S. 875, 884, 108 S. Ct. 2210, 2216, 100 L. Ed. 2d 882 (1988) (quotation omitted).

In order to be eligible for naturalization, an applicant must establish several statutory prerequisites, including that the applicant "is a person of good moral character." INA § 316, 8 U.S.C. § 1427(a); *see also* 8 C.F.R. § 316.10. A conviction for an aggravated felony permanently precludes an applicant from

4

demonstrating good moral character.  INA § 101(f)(8), 8 U.S.C. § 1101(f)(8).  An aggravated felony includes an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  INA § 101(a)(43)(M)(i), 8 U.S.C. § 1101(a)(43)(M)(i).  Subsection (U) further provides that "an attempt or conspiracy to commit an offense described in this paragraph" also constitutes an aggravated felony.  *Id.* § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U).

In *Nijhawan v. Holder*, 557 U.S. 29, 36-40, 129 S. Ct. 2294, 2297-98, 174 L. Ed. 2d 22 (2009), the Supreme Court determined that the reference to a loss exceeding $10,000, in INA § 101(a)(43)(M)(i), and the corresponding United States Code provision, 8 U.S.C. § 1101(a)(43)(M)(i), referred to the particular circumstances of the alien's commission of a fraud offense, rather than a statutory element of the fraud or deceit crime.  The Supreme Court held that a circumstance-specific approach, not a categorical approach, was appropriate in determining the amount of loss.  *Id.* at 36, 129 S. Ct. at 2300.  The Court also indicated that "the loss must be tied to the specific counts covered by the conviction," meaning that it could not be based on dismissed counts or general conduct.  *Id.* at 42, 129 S. Ct. at 2303.  The Court also said that, in determining that the loss exceeded $10,000, there was "nothing unfair" about the immigration judge's reliance upon earlier sentencing-related material, including a factual stipulation at sentencing and a restitution order—both showing the loss was greater than $10,000—especially

5

given the lack of conflicting evidence from the petitioner.  *Id.* at 42-43, 129 S. Ct. at 2303.

Gulbalis does not contest the fact that she was convicted of an offense involving fraud or deceit, and under *Nijhawan's* circumstance specific approach, sentencing materials, including Gulbalis's plea agreement and the restitution order could be considered in determining whether the loss amount exceeded $10,000. Both the stipulation in her plea agreement and the restitution order indicate that the loss exceeded $10,000, and Gulbalis has failed to present any evidence which would indicate that the stipulation or her restitution order were based on uncharged conduct or were not tied to her count of conviction.  To the contrary, she was convicted of conspiracy, and the stipulation in the plea agreement admitted that the "probable or intended loss . . . resulting from the offense committed in this case is within the range of $41,000 to $70,000."  Thus, Gulbalis's conviction constituted an aggravated felony under INA §§ 101(a)(43)(M)(i), (U), 8 U.S.C. §§ 1101(a)(43)(M)(i), (U).  Accordingly, we conclude that the magistrate judge properly dismissed her petition for failure to state a claim on which relief could be granted because she was statutorily ineligible for naturalization because she could not demonstrate good moral character because she had been convicted of an aggravated felony.

**AFFIRMED.**

6