[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13188

Non-Argument Calendar

_____

JULIE M. RICE,

Plaintiff-Appellant,

*versus*

GUARDIAN ASSET MANAGEMENT INC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 3:21-cv-00693-AKK

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Julie M. Rice appeals the order dismissing her discrimination and retaliation case under the Americans with Disabilities Act ("ADA") against her former employer, Guardian Asset Management Inc. ("Guardian"), and denying her motion to amend her complaint. Rice's complaint alleged that Guardian had discriminated against her by firing her early in the COVID-19 pandemic, when COVID-19 tests were not readily available and she was unable to take a test, and that it had retaliated against her for filing a complaint with the Equal Employment Opportunity Commission ("EEOC") when it falsely informed the Alabama Department of Labor ("DOL") that she had voluntarily left, thereby causing the Alabama DOL to deny her unemployment benefits. While Rice conceded in the complaint that she was not disabled, she said that Guardian "regarded [her] as" disabled and should have provided her with an accommodation. The district court dismissed Rice's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and, after considering her proposed amended complaint, it denied as moot her motion to file the amended complaint.

On appeal, Rice argues that: (1) the district court erred in dismissing her discrimination claims because Guardian perceived her as being disabled and terminated her because of that disability; (2) the district court improperly denied her motion to amend her

complaint; and (3) the district court erred in dismissing her retaliation claim because Guardian had notice of her EEOC claim before it reported that she voluntarily left to the Alabama DOL. After careful review, we affirm.

## I.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). We review the denial of a motion to amend for abuse of discretion, but we review the futility of a motion to amend *de novo*. *Brooks v. Powell*, 800 F.3d 1295, 1300 (11th Cir. 2015). A denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal. *Id.*

## II.

First, we are unpersuaded by Rice's argument that the district court improperly dismissed her discrimination claims. The ADA provides that no employer shall discriminate against a qualified individual on the basis of disability in discharging its employees. 42 U.S.C. § 12112(a). Discrimination under the ADA includes the failure to make a reasonable accommodation to the known physical or mental limitations of the individual. *Id.* § 12112(b)(5)(A). An employer's failure to reasonably accommodate a disabled individual is itself discrimination. *Holly v. Clairson*

*Indus.*, LLC, 492 F.3d 1247, 1262 (11th Cir. 2007) (summary judgment case).

To support a claim of discrimination under the ADA, a plaintiff must show, among other things, that she is a disabled person. *Id.* at 1255–56. A plaintiff may do so, in part, where the defendant *regarded her* as being disabled because she had: (1) an impairment that did not substantially limit a major life activity, but was treated by an employer as though it did; (2) an impairment that limited a major life activity only because of others' attitudes towards the impairment; or (3) no impairment whatsoever, but which the employer treated as having a disability as recognized by the ADA. *Standard v. A.B.E.L. Servs.*, Inc., 161 F.3d 1318, 1327 n.2 (11th Cir.1998) (citing 29 C.F.R. § 1630.2(l)), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Importantly, however, the ADA does not require an employer to provide reasonable accommodations where an employee is only regarded as disabled. *See* 42 U.S.C. § 12201(h) (An employer "need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who" is solely "regarded as" being disabled) (cross-referencing 42 U.S.C. § 12102(1)(C)).

A district court is permitted to dismiss a complaint if it fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quotations omitted). A complaint must plead more than a "formulaic recitation of the elements of a cause of action" or "naked assertions" that are "devoid of further factual enhancement." *Id.* (quotations omitted). And while an employment discrimination complaint need not include specific facts to establish a prima facie case, it must include a short plain statement of the claim showing that the pleader is entitled to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

Here, Rice's complaint fails to state a refusal-to-accommodate discrimination claim under the ADA. As the record reflects, Rice's sole allegation of discrimination was Guardian's refusal to accommodate her by allowing her to work from home.[1]

---

[1] It's worth noting that the statute defines the term "discriminate against a qualified individual on the basis of disability" to include not only the denial of reasonable accommodations, but also to include, *inter alia*, "utilizing standards, criteria, or methods of administration . . . that have the effect of discrimination on the basis of disability," and "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(3), (4).

However, Rice concedes that she was not disabled and that Guardian "regarded [her] as" disabled. *See Standard*, 161 F.3d at 1327 n.2. She also recognizes that the ADA does not require employers, like Guardian, to accommodate individuals who are regarded as disabled. 42 U.S.C. § 12201(h). Rice simply disagrees with the law and believes it should be changed. Thus, under the ADA as it stands, Rice's complaint fails to state a claim for relief and the district court did not err by dismissing her discrimination claims.

Nor did the district court err when it found her motion to amend to be moot. In the district court's order dismissing Rice's case, the court expressly considered and incorporated the allegations in her proposed amended complaint, even citing to the additional points she raised in that document. In so doing, the district court essentially gave her what she was seeking. And in any event, if we were to take the allegations in the amended complaint as true, it still fails to state a claim for relief, so admitting the amended complaint would have been futile. *Powell*, 800 F.3d at 1300.

## III.

We also are unconvinced by Rice's argument that the district court improperly dismissed her retaliation claim. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). We've held that, because this provision creates a prohibition on

retaliation under the ADA that is similar to the prohibition on retaliation found in Title VII, courts should evaluate ADA retaliation claims under the same framework used for Title VII retaliation claims. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). To support a claim for retaliation under the ADA, a plaintiff must show that (1) she engaged in a statutorily protected conduct, (2) she suffered an adverse action, and (3) there was a causal link between the adverse action and her protected conduct. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260–61 (11th Cir. 2001) (summary judgment case); *see also Burlington*, 548 U.S. at 68.

As for the "adverse action" element, "[a]n employment action is considered 'adverse' only if it results in some tangible, negative effect on the plaintiff's employment." *Lucas*, 257 F.3d at 1261. In the context of Title VII, the Supreme Court has held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (quotations omitted). Unlike the substantive discrimination provision under Title VII, adverse actions for retaliation claims are not limited to conduct that affects the terms, conditions, or privileges of employment. *Id.* at 61.

For *prima facie* purposes, we've indicated that a plaintiff need only demonstrate "that the protected activity and the adverse action were not *wholly unrelated*." *Shotz v. City of Plantation,*

*Fla.*, 344 F.3d 1161, 1180 n.30 (11th Cir. 2003) (quotations omitted). Nevertheless, the alleged adverse action must "follow[ ] the protected conduct." *Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1284 (11th Cir. 1999). Otherwise, it is impossible to prove "that 'the employer was actually aware of the protected expression at the time it took [the] adverse . . . action.' " *Id.* (citation omitted).

When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Additionally, arguments not raised in an appellant's initial brief are abandoned. *Id.* at 680–81. An appellant abandons a claim where she makes it only by passing reference or in a perfunctory manner without authority or argument in support. *Id.* at 681. We will generally not consider issues raised for the first time on appeal. *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271 (11th Cir. 2019). We can affirm the district court's judgment on any basis supported by the record, regardless of whether the district court decided the case on that basis. *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1378 (11th Cir. 2019).

Under the Federal Rules of Civil Procedure, attachments to the complaint are considered part of the pleading for all purposes. Fed. R. Civ. P. 10(c); *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007). The court's duty to accept the facts in the complaint as true does not require it to ignore specific factual

details of the pleading in favor of general or conclusory allegations. *Id.* at 1205–06. When exhibits contradict the general and conclusory allegations, the exhibits govern. *Id.* at 1206.

Here, the district court concluded that Rice's retaliation claim was insufficient for several independent reasons. First, according to Rice's first EEOC charge -- which was attached to Rice's complaint -- it was not signed and filed until August 2020, *after* Guardian allegedly retaliated against her in July 2020 when it opposed her application for unemployment benefits with the Alabama DOL. Thus, the district court determined that Guardian could not have acted in retaliation for an EEOC charge that she had not yet filed. Second, the court held that Guardian's opposition to Rice's application for unemployment benefits could not be considered an adverse action because an employer has the right to respond to an employee's unemployment benefits claim on the basis that an employee voluntarily stopped working. And the court held that Rice had not suffered any adverse action for another reason: the Alabama DOL's decision on Rice's application was still on appeal and was not yet final.

On appeal, however, Rice does not address these last two holdings by the district court, each of which provide independent reasons for why Guardian had not engaged in an adverse action. As a result, Rice has abandoned those issues on appeal, and because the district court relied on them to dismiss her retaliation claim, the dismissal of her retaliation claim is due to be affirmed. *Sapuppo*, 739 F.3d at 680.

But even if we were to address her remaining arguments, her claim still fails.  Rice claims that the district court erred in holding that Guardian did not know about her EEOC charge until August 2020, because she initiated the EEOC process in May 2020.  However, Rice's EEOC charge was the *sole* protected activity identified in her complaint and her proposed amended complaint.  In addition, the charge documents attached to both filings showed that: (i) she did not sign the first EEOC charge until August 21, 2020, *after* any post-firing, pre-August retaliatory acts took place; and (ii) the only post-firing acts by Guardian that she complained about to the EEOC occurred on August 1, 2020, according to her second EEOC charge.  When documents are attached to the complaint, they are considered part of the complaint and the attached exhibits govern when they conflict with the complaint.  *Griffin*, 496 F.3d at 1205–06.  Based on these pleadings, Rice signed and filed her first EEOC charge in August, so Guardian could not have been aware of it when it allegedly retaliated against her.

Rice adds -- for the first time on appeal -- that because the EEOC was working remotely, it took longer than normal to file the charge and that notice of her phone interview with the EEOC must have been sent to Guardian sometime before August 2020.  But because she did not make these arguments in the district court, we decline to consider them here.  *Finnegan*, 926 F.3d at 1271.[2]

---

[2] Finally, Rice's suggestion that the district court improperly held her to a summary judgment standard when ruling on the motion to dismiss was only

Accordingly, because Rice did not sufficiently allege either a discrimination claim or a retaliation claim, the district court did not err in dismissing her complaint. Nor, moreover, did the district court err in denying her motion to amend the complaint.

**AFFIRMED.**

---

made in a perfunctory manner in her brief on appeal, without authority or argument in support. As a result, she has abandoned that argument. *Sapuppo*, 739 F.3d at 681.